## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malique Cunningham (103306), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 0226 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| DeKalb County Jail, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's motion for an extension of time to file documents [12] is denied as unnecessary and as moot, as Plaintiff's *in forma pauperis* application and his amended complaint were received by this Court prior to the May 18, 2016 deadline. Plaintiff's application for leave to proceed *in forma pauperis* [11] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.66 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the DeKalb County Jail. However, the amended complaint [10] is dismissed without prejudice. The Court sua sponte recruits attorney Wilber H. Boies, McDermott, Will & Emery LLP (Chicago), 227 West Monroe Street, #4400, Chicago, IL 60606-5096, (312) 372-2000, bboies@mwe.com to represent Plaintiff in this matter in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel is given sixty days from the date of this order to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court. Counsel shall file an appearance in this matter no later than July 21, 2016.

## STATEMENT

Plaintiff Malique Cunningham, a detainee at the DeKalb County Jail ("the Jail"), wrote a letter to the U.S. District Court for the Central District of Illinois complaining about the treatment he is receiving at the jail. The Central District construed the letter as a complaint filed under 42 U.S.C. § 1983, listed the DeKalb County Jail as a Defendant, and transferred the case to this Court for further proceedings [2].

In an order dated April 18, 2016, this Court directed Plaintiff to submit an *in forma pauperis* application (or pay the full filing fee) and an amended complaint by May 18, 2016 [9]. Now, before the Court are Plaintiff's motion to proceed *in forma pauperis* [11] and his amended complaint [10] for initial review.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court

orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $1.66 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff's amended complaint, however, cannot proceed. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff's amended complaint suffers from substantially the same flaws as the original pleading. Like the original pleading, Plaintiff's amended complaint lacks relevant factual information, and the inclusion of additional information has done little to clarify whether his allegations sufficiently state a claim. In the amended complaint, Plaintiff sets forth a number of "bare-bones" statements in which he complains about: the poor living conditions at the DeKalb County Jail; that he is being "serv[ed]" prescription medication from non-medical personnel; and that he has been refused testing for HIV/AIDs. [10 at ¶¶ 1, 3-6] As explained in the Court's initial review order, Plaintiff's allegations may be sufficient to state a conditions of confinement claim, and/or a claim for deliberate indifference to his serious medical needs [*see* 9 at 2-3]. But, he still has not provided enough factual information for the Court to make such a determination.

Similarly, Plaintiff may be able to state a due process claim and/or an excessive force claim to the extent that the amended complaint makes reference to two instances when he was placed in administrative segregation [*see* 10 at ¶ 3] and one instance when he was placed in a restraint chair [*see* 10 at ¶ 7]. However, as noted above, Plaintiff does not provide relevant details related to these events and/or explain the circumstances surrounding them. As such, the Court is unable to determine whether these allegations state a claim.

In addition, the amended complaint does not state a claim against any of the named Defendants. Under § 1983, a proper Defendant generally is an individual who caused or participated in the alleged constitutional violation; this is so because § 1983 creates a cause of action based upon personal liability and predicated on fault. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Here, the caption of the amended complaint lists Dekalb County, Chief Joyce Klein, Lt. Caroline Parnow, Sgt. Craig Malone, Sgt. Erin McRoberts, and Sgt. Krista Haberkamp as Defendants in this action. However, the body of the complaint does not set forth allegations against any of these Defendants (or even so much as mention any Defendant). A plaintiff cannot "state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d

1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Without some factual content or particular information suggesting how or in what way each named Defendant allegedly violated Plaintiff's constitutional rights, he has not stated a claim against any of them.

As a final matter, the Court notes that, depending on the claim(s) that Plaintiff is attempting to raise in this action, misjoinder may be an issue. Under Federal Rule of Civil Procedure 20(a)(2), unrelated claims against different defendants cannot be joined in one complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Preventing misjoinder prevents cases from becoming unwieldy and, in the case of suits governed by the Prison Litigation Reform Act, "ensure[s] that prisoners pay the required filing fees" and that strikes are properly counted for frivolous or dismissed cases or appeals. *Id.*

Given the nature of the deficiencies in the original and amended complaints and that Plaintiff does not appear to have the wherewithal to litigate this case on his own, the Court sua sponte recruits attorney Wilber H. Boies, McDermott, Will & Emery LLP (Chicago), 227 West Monroe Street, #4400, Chicago, IL 60606-5096, (312) 372-2000, bboies@mwe.com to represent Plaintiff in this matter in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The amended complaint is dismissed without prejudice. Counsel is given sixty days from the date of this order to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court. Counsel shall file an appearance in this matter no later than the aforementioned date.

Date:   June 21, 2016