**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Malique Cunningham, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-00226 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| CHIEF JOYCE KLEIN, in her official and ) | Magistrate Judge Iain D. Johnston |
| individual capacity; LIEUTENANT ) | |
| CAROLINE PARNOW, in her official and ) | JURY TRIAL DEMANDED |
| individual capacity; and DEPUTY SARAH ) | |
| FOYEL, in her official and individual ) | |
| capacity. ) | |
| | |
| Defendants. | |

**SECOND AMENDED COMPLAINT**

Plaintiff Malique Cunningham ("Mr. Cunningham"), by and through his attorneys, McDermott Will & Emery LLP, alleges for his Second Amended Complaint against Defendants Joyce Klein, Caroline Parnow, and Sarah Foyel ("Klein," "Parnow," and "Foyel"; collectively, "Defendants"), in their official and individual capacities, as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983. Defendants violated the Fourteenth Amendment of the United States Constitution by denying Mr. Cunningham any opportunity to exercise for nearly an entire year of incarceration at DeKalb County Jail, located in DeKalb County, Illinois (the "Jail"). Now, Mr. Cunningham seeks damages against Defendants in their individual capacities for committing wrongful acts under color of law.

**THE PARTIES**

2. Malique Cunningham, a resident of Illinois, was incarcerated at the Jail for nearly a year during 2015 and 2016.

3. Mr. Cunningham filed his original Complaint *pro se*, while he was incarcerated in the Jail. Mr. Cunningham was not aware at the time he filed his original Complaint that Defendants' deprivation of any opportunity for Mr. Cunningham to exercise rose to the level of a constitutional violation.

4. During the relevant time period, Defendant Klein was the Chief of Corrections at the Jail.

5. During the relevant time period, Defendant Parnow was a Lieutenant at the Jail.

6. During the relevant time period, Defendant Foyel was a Deputy and Correctional Officer at the Jail.

## JURISDICTION AND VENUE

7. Mr. Cunningham brings this action pursuant to 42 U.S.C. § 1983 to secure damages and relief from Defendants' actions and omissions, which were initiated under color of law and which violated the rights, privileges and immunities guaranteed to Mr. Cunningham by the Fourteenth Amendment to the United States Constitution.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the relevant events occurred at the DeKalb County Jail in DeKalb County, Illinois, which is within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

*Background of Mr. Cunningham's Incarceration*

10. Mr. Cunningham was admitted to the Jail on October 19, 2015. He remained in the Jail until February 9, 2016, when he was released. He was then readmitted to the Jail on March 15, 2016, and remained there until October 25, 2016.

11. While Mr. Cunningham was incarcerated at the Jail, he was awaiting trial on criminal charges. He pled guilty in October 2016.

12. On October 25, 2016, Mr. Cunningham was transferred into the Illinois Department of Corrections system.

13. Mr. Cunningham is now incarcerated at the Pontiac Correctional Center in Pontiac, Illinois.

*Failure of the Jail to Allow Mr. Cunningham to Exercise*

14. At all times during Mr. Cunningham's incarceration at the Jail, the Jail had no exercise facilities or gym.

15. At all times during Mr. Cunningham's incarceration at the Jail, the Jail made no exercise equipment available to inmates and had no space available in which inmates could exercise.

16. At all times during Mr. Cunningham's incarceration at the Jail, the Jail prohibited inmates from going outside.

17. Mr. Cunningham is six feet, four inches tall. Mr. Cunningham recently turned 20 years old. During most of his time at DeKalb County, he was 19. Mr. Cunningham turned 20 years old on October 6, 2016.

18. Mr. Cunningham shared his cell with another inmate. The cell was approximately 7 feet by 9 feet, and contained bunk beds, a toilet, and sink, leaving no space for exercise. As a result, it was impossible for Mr. Cunningham to exercise in his cell.

19. The Jail contained a multipurpose room, but it was filled with bookshelves, tables, chairs, and a television. The floors were tile. It was crowded with other inmates. At most, Mr. Cunningham could attempt to jog in place in the multipurpose room. Officials at the Jail sometimes punished Mr. Cunningham by prohibiting him from entering the multipurpose room for up to six days at a time.

20. Besides his cell and the multipurpose room, the only other area where Mr. Cunningham spent time in the Jail was the hallway outside the six cells that constituted his cell block. That area was essentially a passageway and also did not have space for Mr. Cunningham to attempt to exercise. It contained two tables with chairs attached to those tables, and was typically crowded with inmates, depending on how many inmates were housed in the cell block at that time.

### *Defendants Ignored Mr. Cunningham's Complaints About Lack of Exercise*

21. Mr. Cunningham repeatedly complained to Jail officials regarding the lack of ability to exercise, but they repeatedly ignored or disregarded his complaints.

22. Specifically, Mr. Cunningham complained to Defendant Foyel more than ten times throughout his incarceration about lack of opportunity to exercise.

23. Mr. Cunningham complained to Defendant Parnow more than five times throughout his incarceration about lack of opportunity to exercise.

24. Mr. Cunningham complained to Defendant Klein on one occasion during his incarceration about lack of opportunity to exercise. Defendant Klein ignored Mr. Cunningham and did not respond to his complaint.

25. None of the Defendants ever addressed Mr. Cunningham's concerns or provided an opportunity for Mr. Cunningham to exercise.

### *Mr. Cunningham Suffered Harm From Defendants' Refusal to Allow Mr. Cunningham Opportunities to Exercise*

26. As a direct and proximate cause of the deprivation of any exercise, Mr. Cunningham's health significantly suffered.

27. Mr. Cunningham suffered stress and mental anguish, and his psychological disorders became exacerbated.

28. Mr. Cunningham's muscles atrophied and Mr. Cunningham gained more than twenty pounds in a short period of time.

### COUNT I
### UNCONSTITUTIONAL DEPRIVATION OF EXERCISE

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. The Fourteenth Amendment to the United States Constitution protects against punishments of individuals who have not been convicted of a crime.

31. The protections afforded under the Fourteenth Amendment are at least as great as Eighth Amendment protections. Any action that would constitute punishment under the Eighth Amendment violates the Due Process Clause when inflicted on a pretrial detainee.

32. The protections of the Fourteenth Amendment apply equally to the states and all divisions and entities thereof, including departments of corrections, prison facilities and officers acting in their official capacities.

33. As a pretrial detainee, Mr. Cunningham had the right to be free from punishment.

34. In all of their actions, Defendants were acting under color of law and in the course of their employment.

35. The claims made against Defendants are brought against them in their official and individual capacity.

36. Based on the sustained and complete deprivation of the opportunity for Mr. Cunningham to exercise, Defendants subjected Mr. Cunningham to an extreme deprivation of his basic human needs.

37. Particularly because Mr. Cunningham was incarcerated in the Jail for almost a year, Defendants' deprivation of any opportunity for Mr. Cunningham to exercise was serious and severe.

38. Despite having actual knowledge of the health risks that would result from the continued and extended deprivation of any opportunity for Mr. Cunningham to exercise for nearly a year, Defendants disregarded those effects.

39. Despite Mr. Cunningham's repeated complaints to prison officials, Defendants took no actions and ignored Mr. Cunningham's complaints.

40. At all relevant times, Defendants acted in their official capacities under color of state law. Defendants had personal knowledge of the acts and omissions that form the basis of this claim.

41. By the acts described above, Defendants violated Mr. Cunningham's rights protected by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 and demonstrated a reckless disregard of these rights.

42. As a direct and proximate result of Defendants' actions, Mr. Cunningham has suffered mental anguish and adverse effects on his health.

**WHEREFORE**, Plaintiff Malique Cunningham seeks the following relief as to Count I of the Second Amended Complaint against Defendants jointly and severally: (1) compensatory damages in an amount to be determined at trial; and (2) other such relief as the Court deems just or equitable.

## JURY DEMAND

Plaintiff Malique Cunningham hereby demands a trial jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated:  December 21, 2016          Respectfully submitted,


                                    /s/ Lisa N. Haidostian

Wilber H. Boies
Lisa N. Haidostian
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
bboies@mwe.com
lhaidostian@mwe.com

*Attorneys for Malique Cunningham*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and also served a true and correct copy of the foregoing document by first class mail on the following address:

>Sarah Gallagher Chami
>DeKalb County State's Attorney's Office
>County Courthouse - Sycamore Campus
>133 West State Street
>Sycamore IL 60178

/s/ Lisa N. Haidostian
Lisa N. Haidostian

*Attorney for Malique Cunningham*

DM_US 78488685-1.099747.0309